IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MILTON TOYA,

    Petitioner,

vs.                                                           No. CV 17-00258 JCH/KBM

AL CASAMENTO, DIRECTOR,
Sandoval County Detention Center,
PUEBLO OF JEMEZ,

    Respondents.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus for Relief From a Tribal Court Conviction Pursuant to 25 U.S.C. § 1303 filed by Petitioner, Milton Toya ("Petition"). (Doc. 1). Also before the Court is the Answer filed by Respondent Al Casamento, Director, Sandoval County Detention Center (Doc. 6), which requests dismissal from this proceeding. The Court will grant Casamento's request for dismissal. The Court will also order the joinder of a party required for just adjudication under Fed. R. Civ. P. 19(a) and grant Petitioner Toya leave to amend the Petition to identify and join a proper tribal official as respondent.

In his Petition, Toya states that he is an enrolled member of the Pueblo of Jemez, that he was arrested and charged with Aggravated DUI, and that he was convicted and sentenced to 270 days in jail. (Doc. 1 at 1-2). Petitioner Toya claims that his conviction and sentence violated his rights to counsel and a jury trial guaranteed by the Indian Civil Rights Act. (Doc. 1 at 3-5). Petitioner seeks issuance of a writ of habeas corpus commanding his immediate release from custody. (Doc. 1 at 5-6).

Petitioner Toya named, as Respondents, the Pueblo of Jemez and Al Casamento, the Director of the Sandoval County Detention Center. The Court dismissed the Pueblo of Jemez based on sovereign immunity. (Doc. 3). Respondent Casamento has requested dismissal on the grounds that, although he has immediate physical custody of Petitioner, he is not able to answer on behalf of the Pueblo of Jemez or to afford Toya relief from the tribal conviction or sentence. (Doc. 6). Petitioner Toya has responded, arguing that Respondent Casamento is a proper party under *Rumsfeld v. Padilla,* 452 U.S. 426 (2004). (Doc. 8).

Indian tribes are "distinct, independent political communities, retaining their original natural rights." *Worcester v. Georgia,* 31 U.S. (6 Pet.) 515, 559 (1832). They are domestic dependent nations that exercise inherent sovereign authority over their members and territories. *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.,* 498 U.S. 505, 509 (1991). The sovereignty of Indian tribes predates the Constitution and, as a result, Indian Tribes are not subject to the constitutional restraints that bind the federal government and the states. *See Talton v. Mayes,* 163 U.S. 376, 382-84 (1896). However, Congress has primary and plenary authority over Indian affairs and may impose such restraints by statute. *See Washington v. Confederated Bands & Tribes of Yakima Indian Nation,* 439 U.S. 4663, 470-471 (1979).

In the exercise of its plenary authority, Congress has enacted the Indian Civil Rights Act ("ICRA"), 25 U.S.C. §§ 1301, et seq. The ICRA extends certain constitutional rights to members of Indian tribes. *See* 25 U.S.C. § 1302. The ICRA also grants the privilege of the writ of habeas corpus to test the legality of detention by order of an Indian tribe. 25 U.S.C. § 1303. Jurisdiction over habeas corpus proceedings under the ICRA is vested in the courts of the United States. 25 U.S.C. 1303; *Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 69-72 (1978). Indian tribes, however, retain their sovereign immunity and cannot be sued for habeas corpus relief

under the ICRA. Instead, § 1303 authorizes a civil habeas corpus action against tribal officers. *Santa Clara Pueblo,* 436 U.S. at 60.

In a habeas corpus proceeding, the custodian or official having immediate physical custody of the petitioner is a proper party to the proceeding. *See Rumsfeld v. Padilla,* 452 U.S. at 442-43. However, where the petition collaterally attacks the petitioner's tribal conviction and sentence, rather than the manner in which the detention is being carried out, the immediate physical custodian may lack the authority to afford the relief requested by the petitioner. In these circumstances, the proper respondent is not necessarily the person with immediate physical custody but, instead, the official with authority to modify the tribal conviction or sentence. *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d 874, 899-900 (2nd Cir. 1996). The *Poodry* court stated:

> "The petitions also name as respondents the tribal officials allegedly responsible for issuing the banishment orders in this case. The respondents do not claim that tribal immunity bars actions against tribal officers for writs of habeas corpus. We note only that the individual respondents can be properly thought "custodians" of the petitioners, despite the fact that the petitioners, though restrained, are not in physical custody. As the "custody" requirement has expanded to encompass more than actual physical custody, so too has the concept of a custodian as a respondent in a habeas case. In examining who the proper respondent would be in a case involving a petitioner free on bail prior to a possible retrial, the Seventh Circuit has observed that '[a] person released on his own recognizance is usually considered to be in his own custody; a person released after posting bail is usually considered to be in either his lawyer's custody or the bondsman's custody. But it would be odd to make any of these the respondent in a habeas corpus action....
> ....
> The truth is that no one has custody of a person who is out on bail but that the Supreme Court has decided that such a person should be allowed to seek unconditional freedom through an action for habeas corpus despite the absence of a custodian. The important thing is not the quest for a mythical custodian, but that the petitioner name as respondent someone (or some institution) who has both an interest in opposing the petition if it lacks merit, and the power to give the petitioner what he seeks if the petition has merit—namely, his unconditional freedom.'
> The individual respondents surely fit this description—they have an interest in opposing the petitions, as well as the ability to lift the banishment orders should the petitions be found on remand to have merit."

*Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d at 899–900 (quoting *Reimnitz v. State's Attorney of Cook County,* 761 F.2d 405, 408–09 (7th Cir.1985)).

Where the only named respondent is the immediate physical custodian of the prisoner, full relief cannot be granted because an order to the custodian directing release of the prisoner does not modify or vacate the underlying tribal conviction in the absence of a tribal official. The petitioner must name as a respondent a tribal official who has "both an interest in opposing the petition if it lacks merit, and the power to give the petitioner what he seeks if the petition has merit—namely his unconditional freedom." *Poodry v. Tonawanda Band of Seneca Indians,* 85 F.3d at 899-900; Fed. R. Civ. P. 19(a). *See, also, Settler v. Yakima Tribal Court,* 419 F.2d 486 (9th Cir. 1969), *abrogated on other grounds, Moore v. Nelson,* 270 F.3d 789, 791-92 (9th Cir. 2001) (concluding that a tribal court or judge is an appropriate respondent in a habeas proceeding testing the validity of a tribal conviction or sentence).

In this case, the immediate physical custodian, Respondent Al Casamento, states that he lacks the authority to alter Petitioner Toya's conviction or sentence and, therefore, the authority to afford the relief Toya seeks if a writ of habeas corpus is issued by this Court. (Doc. 6). In opposition to the request for dismissal by Respondent Casamento, Petitioner Toya cites to two prior cases in this Court, No. CV 16-01404 RB/WPL and No. CV 16-01405 RB/LF where the Court concluded that Respondent Casamento was the proper respondent. However, in both of those cases, when the Pueblo was dismissed based on sovereign immunity, neither party raised the issue of whether a tribal official was necessary to afford complete relief and, instead, the Pueblo gave Respondent Casamento both documentation and an affidavit of a tribal official. *See*, e.g., No. CV 16-1404 RB/WPL Doc. 6. In both cases, the parties should have raised, but did not raise, the necessary party issue with the Court. *See* Fed. R. Civ. P. 12(b)(7) and (h)(2).

Petitioner Toya originally named the Pueblo of Jemez as a respondent, but the Pueblo was dismissed based on sovereign immunity. (Doc. 3). Unlike prior cases, Respondent Casamento has raised the necessary party issue in his Answer, pleading that he has not been given the authority or information to respond. (Doc. 6). Therefore, in its present posture, the Court cannot afford complete relief in the absence of joinder of an appropriate tribal official. Fed. R. Civ. P. 19(a). The Court will order Petitioner Toya to identify and join, as respondent, a tribal official with authority to both oppose the petition if it lacks merit and to grant Petitioner the relief he requests if ordered to do so by the Court. Fed. R. Civ. P. 19(a). If an amended petition naming an appropriate tribal official as respondent is not filed within thirty (30) days of entry of this Memorandum Opinion and Order, the Court may dismiss this case under the provisions of Fed. R. Civ. P. 19(b).

**IT IS ORDERED:**

(1) that the motion to dismiss filed by Respondent Al Casamento (Doc. 6) is **GRANTED** and Al Casamento, Director, Sandoval County Detention Center, is **DISMISSED** as a party to this proceeding**;**

(2) that a tribal official with proper authority be joined as a respondent; and

(3) that Petitioner Milton Toya is granted thirty (30) days to identify a proper tribal official and to file an amended petition naming such a tribal official as a respondent.

_____
UNITED STATES DISTRICT JUDGE