IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MILTON TOYA,

    Petitioner,

vs.                                      No. CV 17-00258 JCH/KBM

AL CASMENTO, DIRECTOR,
Sandoval County Detention Center,
ALAN TOLEDO, Pueblo of Jemez Tribal Court Judge, and
JOSEPH A. TOYA, Pueblo of Jemez, Governor, and
WILLIAM WAQUIE, Pueblo of Jemez, 1st Lt. Governor, and
JONATHAN ROMERO, Pueblo of Jemez, 2nd Lt. Governor,

    Respondents.

## ORDER TO ANSWER

This matter is before the Court on Petitioner Milton Toya's First Amended Petition For Writ of Habeas Corpus for Relief From a Tribal Court Conviction Pursuant to 25 U.S.C. § 1303 (Doc. 10). The Amended Petition continues to name Al Casamento, Director of Sandoval County Detention Center, as a Respondent. The Court has dismissed Respondent Casamento and Petitioner may not proceed further against Casamento. (Doc. 9). The Court will direct that Casamento be removed from the case caption as a named Respondent. The Court has reviewed the Amended Petition and determined that it is not subject to summary dismissal and, therefore, will order Respondents Alan Toledo, Joseph A. Toya, William Waquie, and Jonathan Romero to file an answer. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

IT IS THEREFORE ORDERED:

(1) that Al Casamento, Director/Warden Sandoval County Detention Center, be removed from the caption of the case as a named Respondent; and

1

(2) that Respondents Alan Toledo, Pueblo of Jemez Tribal Court Judge, Joseph A. Toya, Pueblo of Jemez Governor, William Waquie, Pueblo of Jemez 1st Lt. Governor, and Jonathan Romero, Pueblo of Jemez 2nd Lt. Governor **ANSWER** the Amended Petition within thirty (30) days from the date of entry of this Order.  Respondents' answer shall advise, but is not limited to, whether the Petition has exhausted his tribal court remedies as to the issues raised in the federal petition. In each case, Respondents shall attach to his answer copies of any pleading pertinent to the issue of exhaustion which was filed by Petitioner in the sentencing court, the district court, and appellate courts, together with copies of all memoranda filed by both parties in support of or in response to those pleadings.  Respondents shall also attach to the answer copies of all tribal court findings and conclusions, docketing statements, and opinions issued in Petitioner's tribal court post-conviction or appellate proceedings and/or any recordings of those proceedings. In the event Respondents deny exhaustion, Respondents shall identify the tribal court procedures currently available to Petitioner given the nature of Petitioner's claims and their procedural history.

                                                                    */s/ Karen B. Molzen*
UNITED STATES CHIEF MAGISTRATE JUDGE